UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

SOUTH MOTOR COMPANY OF DADE COUNTY,

    Plaintiff,

v.

SOUTH MOTORS FINANCIAL CORPORATION,
a Florida corporation, and ALEX LAVINI, an
individual,

    Defendants.
_____

## COMPLAINT

Plaintiff, South Motor Company of Dade County d/b/a South Motors ("South Motors"), sues Defendants, South Motors Financial Corporation and Alex Lavini, and alleges:

### Jurisdiction & Venue

1.    This is an action for injunctive relief and damages for false designation of origin and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), federal and Florida trademark dilution under, respectively, 15 U.S.C. § 1125(c) and Fla. Stat. § 495.151, deceptive and unfair trade practices under Fla. Stat. § 501.201, *et. seq.*, and unfair competition under Florida law.

2.    This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(b). This Court has supplemental jurisdiction over all state law causes of action under 28 U.S.C. §§ 1338(b) and 1367(a).

3. This Court has personal jurisdiction over Defendants because Defendants have their principal place of business in this judicial district and, specifically, in Broward County, Florida.

4. Venue is proper here because Defendants, or at least one of them, reside and has its principal place of business in this judicial district.

### South Motors and its Famous Marks

5. South Motors is one of the largest and well-known BMW, Honda, Infiniti, Mazda and Volkswagen automobile dealerships in South Florida, and, since its inception in 1956, has sold over a million automobiles to customers throughout the tri-county area.

6. South Motors has registered with the state of Florida the following fictitious names, which, *inter alia*, reflect South Motors' exclusive use of these common law trademarks (collectively the "South Motors" Marks):

(a) South Motors;

(b) South Motors BMW Mini;

(c) South Motors Mini;

(d) South Motors Management Division;

(e) South Motors Collision Center;

(f) South Motors BMW;

(g) South Motors Honda;

(h) South Motors Volkswagen;

(i) South Motors Group; and

(j) South Motors Automotive Group.

2

7. South Motors also advertises and sells automobiles and auto parts on the internet, using the following domain names and URLs:

    (a) www.southmotors.com;

    (b) www.southbmw.com;

    (c) www.southmini.com;

    (d) www.southhonda.com; and

    (e) www.southvw.com

8. Over the years, South Motors has expended tens of millions of dollars advertising and promoting its South Motors Marks for and in connection with the sale of new and used vehicles and auto parts, as well as leasing and financing services related thereto.

9. More specifically, South Motors offers its customers direct leasing and financing options at its South Motors dealerships such that customers are able to apply for leases and car loans at the dealership at the same time as they are leasing or purchasing vehicles.

10. As a result of South Motors' extensive advertising and promotional efforts, and the millions of vehicles that it has sold since at least as early as 1956, the South Motors Marks have become famous and well-known and have achieved a secondary meaning such that consumers associate the South Motors Marks exclusively with South Motors as the source of high-quality vehicles and related services.

**Defendant's Infringement of the South Motors Marks**

11. Defendants have been conducting business in Broward County, Florida since apparently July 2012 as "South Motors Financial Corporation" (the "Infringing Designation"). *See* Florida Division of Corporations record attached hereto as **Exhibit A**.

12. Upon information and belief, Defendants provide automobile financing services.

13. Defendant Lavini is the President of Defendant South Motors Financial Corporation, and is the moving force behind, and the person who controls and directs and is therefore liable for, the infringing activities described herein.

14. Defendants adopted the Infringing Designation in order to unlawfully compete with South Motors for automobile financing, and to unlawfully profit from the fame of the South Motors Marks and the excellent reputation that South Motors has earned over the last 50+ years.

15. On November 16, 2012, South Motors furnished Defendants with a cease and desist letter demanding that they immediately cease all use of the term "South Motors" and explaining that their use of the Infringing Designation is likely to cause confusion among the public as to the source, affiliation or sponsorship of Defendants' services. A copy of the letter is attached hereto as **Exhibit B**.

16. Unfortunately, Defendants stubbornly ignored South Motors' cease and desist letter, which necessitated the filing of this case.

17. South Motors will be irreparably harmed unless Defendants are enjoined by this Court from using the Infringing Designation, or any formative variation thereof, including any and all use of "South Motors."

18. South Motors does not have an adequate remedy at law because damages alone will not sufficiently compensate for the incalculable loss to South Motors' reputation and good will.

19. The public is likely to be confused concerning the source, sponsorship and affiliation of Defendants' services and thus will be best served if this Court enjoins Defendants from their unlawful use of the Infringing Designation and all formative variations thereof.

## COUNT I
## FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(A) OF THE LANHAM ACT

20. South Motors incorporates by reference the allegations in paragraphs 1 though 19 as if fully set forth herein.

21. Defendant, on or in connection with their services, are using in commerce a false designation of origin, namely the Infringing Designation, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with South Motors, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by South Motors in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT II
## DILUTION UNDER SECTION 43(C) OF THE LANHAM ACT

22. South Motors incorporates by reference the allegations in paragraphs 1 though 19 as if fully set forth herein.

23. Long after the South Motors Marks had become famous and distinctive, Defendants commenced use of a mark or trade name in commerce, namely the Infringing Designation, that is likely to cause dilution by blurring and/or dilution by tarnishment of the famous South Motors Marks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT III
## DILUTION UNDER FLA. STAT. § 495.151

24. South Motors incorporates by reference the allegations in paragraphs 1 though 19 as if fully set forth herein.

25. Long after the South Motors Marks had become famous and distinctive, Defendants commenced commercial use of a mark or trade name, namely the Infringing Designation, that is likely to cause dilution of the distinctive quality of the South Motors Marks, in violation of Fla. Stat. § 495.151.

## COUNT IV
## UNFAIR COMPETITION UNDER FLORIDA LAW

26. South Motors incorporates by reference the allegations in paragraphs 1 though 19 as if fully set forth herein.

27. Defendants, on or in connection with their services, are using in commerce a false designation of origin, namely the Infringing Designation, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with South Motors, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by South Motors and, as such, are unfairly competing with South Motors in violation of Florida law.

## COUNT V
## DECEPTIVE AND UNFAIR TRADE
## PRACTICES UNDER FLA. STAT. § 501.201, et. seq.

28. South Motors incorporates by reference the allegations in paragraphs 1 though 19 as if fully set forth herein.

29. Defendants' misconduct, including, *inter alia*, their unlawful use of the Infringing Designation to compete unfairly with South Motors, constitutes unfair methods of competition and unfair and deceptive acts or practices in violation of § 501.204, Fla. Stat.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, South Motor Company of Dade County, respectfully requests that this Court enter a judgment in its favor and against Defendants:

A. Declaring that: (i) Defendants are liable for false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendants have diluted the distinctive value of the South Motors Marks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (iii) Defendants have diluted the South Motors Marks in violation of Fla. Stat. § 495.151; (iv) Defendants have unfairly competed with South Motors under Florida law; and (v) Defendants have committed unfair and deceptive acts or practices in violation of Fla. Stat. § 501.204;

B. Temporarily and permanently enjoining Defendants, including their officers, employees, and agents, and all persons or entities in active concert or participation with any of them, from using, displaying, advertising or selling their services under, or otherwise doing business or holding themselves out to the public as, "South Motors Financial," including all formative variations thereof, and any mark confusingly similar thereto pursuant to 15 U.S.C. § 1116;

C. Temporarily and permanently enjoining Defendants from engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure South Motors' reputation, or weaken the distinctive quality of the South Motors Marks;

D. Ordering Defendants under 15 U.S.C. § 1118 to destroy all advertising, marketing and other business materials, including stationary, letterhead, business cards, phone book listings, websites, signage, etc. bearing the Infringing Designation, and to provide to South Motors written and sworn certification of compliance;

E. Ordering Defendants to pay South Motors monetary relief under 15 U.S.C. § 1117(a) in an amount equal to Defendants' profits plus damages sustained by South Motors, including treble damages for willful infringement, plus the cost of this action, including attorneys' fees pursuant to 15 U.S.C. § 1117(a) and Fla. Stat. § 501.2105; and

F. Such other and further relief as this Court deems just and proper.

Dated: January 30, 2013

Respectfully submitted,

/s/Matthew S. Nelles

Tara Ravi
Florida Bar No. 72641
travi@broadandcassel.com
Matthew S. Nelles, Lead Counsel
Florida Bar No. 009245
E-mail: mnelles@broadandcassel.com
**BROAD AND CASSEL**
One Financial Plaza, Suite 2700
Fort Lauderdale, Florida  33394
Telephone: (954) 764-7060
Facsimile:(954) 761-8135

8