UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60229-CIV-ZLOCH

SOUTH MOTOR COMPANY OF DADE
COUNTY,

    Plaintiff,

vs.

**DEFAULT FINAL JUDGMENT**
**AND PERMANENT INJUNCTION**

SOUTH MOTORS FINANCIAL
CORPORATION, et al.,

    Defendants.
_____/

THIS MATTER is before the Court upon Plaintiff's Motion For Entry Of Default Judgment (DE 7). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

Plaintiff South Motor Company of Dade County d/b/a South Motors ("South Motors") initiated the above-styled cause with the filing of its Complaint (DE 1) on January 30, 2013. Defendants South Motors Financial Corporation and Alex Lavini were duly served with process on February 5, 2013. See DE 5 & 6. Said Defendants have failed to file an Answer or any other responsive pleading within the time prescribed by law. Thus, the Court entered Judgment against Defendants. By the instant Motion (DE 7), Plaintiff now moves for default final judgment.

The well-pleaded allegations made in the Complaint (DE 1) are deemed to have been admitted by Defendants by virtue of their default. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-

78 (11th Cir. 2005) (citations omitted).  The Complaint alleges claims for false designation of origin and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), federal and Florida trademark dilution under, respectively, 15 U.S.C. § 1125(c) and Fla. Stat. § 495.151, deceptive and unfair trade practices under Fla. Stat. § 501.201, et. seq., and unfair competition under Florida law.  "While these are distinct causes of action, they share tests with similar elements."  <u>Faux Effects Int'l, Inc. v. Selkirk Painting Co., Inc.</u>, 2008 WL 4084009, *3 (S.D. Fla. Sept. 3, 2008) (<u>quoting</u> <u>Burger King Corp. v. Mason</u>, 710 F.2d 1480, 1491 (11th Cir. 1983)).  To prevail on a claim of false designation of origin and unfair competition, a plaintiff must show, "1) that [plaintiff] had rights to the mark at issue and 2) that the defendant adopted a mark or name that was the same, or confusingly similar, to plaintiff's mark such that consumers were likely to confuse the two."  <u>Id.</u>

Accepting the well-pleaded facts as true, the Court finds that Defendants have violated South Motors' rights. Specifically, South Motors is the owner of the South Motors Marks.  Defendants adopted the Infringing Designation, "South Motors Financial Corporation," in order to unlawfully compete with South Motors for automobile financing, and to unlawfully profit from the fame of the South Motors Marks and the excellent reputation that South Motors has earned over the last

50+ years. Furthermore, Defendants' Infringing Designation is confusingly similar to the South Motors Marks. South Motors has clearly established prior rights in and to the South Motors Marks and that Defendants' use of the Infringing Designation is likely to cause confusion, the centerpiece of a Lanham Act violation. Defendants' default also admits that the South Motors Marks are famous, that Defendants adopted the Infringing Designation after the South Motors Marks became famous, that the Infringing Designation diluted the South Motors Marks, and that Defendants use the Infringing Designation in commerce. Thus, Defendants have diluted the South Motors Marks.

"It is generally-recognized in trademark infringement cases that (1) there is no adequate remedy at law to redress infringement and (2) infringement by its nature causes irreparable harm." Tally-Ho, Inc. v. Coast Community Coll. Dist., 889 F.2d 1018, 1029 (11th Cir. 1989) (citing Processed Plastic Co. v. Warner Commc'ns., 675 F.2d 852, 858 (7th Cir. 1982)). Absent a permanent injunction preventing Defendants from using the Infringing Designation, South Motors will lose its ability to control the nature and quality of the goods and services provided under its South Motors Marks. Defendants will also have the ability, absent an injunction, to steer customers seeking automobile financing away from South Motors and, when or if Defendants' are unable to perform, South Motors' reputation, not necessarily Defendants', will be tarnished.

Accordingly, the Court finds that South Motors has no adequate remedy at law and will suffer irreparable harm absent an injunction.

Plaintiff has requested an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a). The statute provides that "the court in exceptional cases may award reasonable attorneys fees to the prevailing party." Id. The Eleventh Circuit has defined an exceptional case as a case that can be characterized as malicious, fraudulent, deliberate, and willful. Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 168 (11th Cir. 1994).

Defendants' continued use of the Infringing Designation after South Motors notified them of their infringing uses demonstrates deliberate and willful infringement, as does their failure to respond to the Complaint. See Tiramasu Int'l LLC v. Clever Imports LLC, 741 F. Supp. 2d 1279 (S.D. Fla. 2010) (ignoring pre-suit cease and desist letters supported finding of willfulness); PetMed Express, Inc. v. Medpets.com, Inc., 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (holding that conduct was willful because defendant (1) intended to confuse the public through the use of confusingly similar mark, (2) continued to use the mark even after notification of infringement, and (3) default created an inference of willfulness); Buffets, Inc. v. LVDC II Inc., 2011 WL 3664548 at *9 (M.D. Fla. Aug. 16, 2011) (awarding fees after noting that "the Corporate Defendants and Individual

Defendants failed to respond to Plaintiffs' Verified Complaint and a clerk's default was entered against each"). Accordingly, the Court finds sufficient evidence of willfulness on the part of Defendants to support an award of attorneys' fees under 15 U.S.C. § 1117(a). An award of attorneys' fees will also "serve the important functions of deterring future infringements, penalizing Defendant[] for [its] unlawful conduct and compensating Plaintiff for its fees and costs." PetMed, 336 F. Supp. 2d at 1222 (citing Arista Records, Inc. v. Beker Enter., Inc., 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003)).

When a party moves to recover fees, the courts have a duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of the exact amount of fees to award is vested in the sound discretion of the Court. The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2008).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).

Once the hourly rate is set, the Court must determine the reasonable number of hours expended by the attorney in the successful prosecution of the case. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee

applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded. Id.

The Court first considers the reasonable hourly rates of the attorneys employed by Plaintiff.  While the Court has considered the credentials of these attorneys, the Court also notes that the above-styled cause was resolved by the Defendants' default. Therefore, the skill required to perform the tasks in the above-styled cause stands in comparison to the skill needed in other trademark cases.  Therefore, the Court finds the following hourly rates to be appropriate: $200.00 per hour for Ms. Ravi and $350.00 per hour for Mr. Nelles.

The Court next considers the number of hours expended by both attorneys.  The Court again notes that this case ended with the Court's entry of default against Defendants.  Further, while counsel have provided detailed time sheets, the Court questions the length of time it took to perform certain tasks. Specifically, the Court questions why drafting the proposed default judgment required 1.90 hours, while revising said motion "to include legal argument for attorney's fees" as well as holding a "strategy conference" required 4.50 hours.  Therefore, because the Court finds the hours set forth by the attorneys to be unreasonably high, it will exercise its authority in reducing the requested hours with an across-the-board cut. Bivens v. Wrap It Up, Inc., 548 F.3d 1348,

1350 (11th Cir. 2008). Thus, the hours of these professionals will be reduced by fifty percent.

Therefore, based on an hourly rate of $200 and 13.4 hours of work, Ms. Ravi's resulting lodestar is $2,680.00. Next, based on an hourly rate of $350.00 and 4.4 hours of work, Mr. Nelles' resulting lodestar is $1,540.00. Plaintiff is therefore entitled to $4,220.00 in attorney's fees.

Next, Plaintiff moves for $420.00 in costs, comprised of the filing fee of $350.00 and the service of process cost of $70.00. The Court finds that such costs are recoverable under 28 U.S.C. § 1920 and will be awarded to Plaintiff.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the parties hereto and the subject matter herein;

2. Plaintiff's Motion For Entry Of Default Judgment (DE 7) be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff South Motor Company of Dade County and against Defendants South Motors Financial Corporation and Alex Lavini;

4. Defendants are liable for false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), have diluted the distinctive value of the South Motors Marks in violation of

Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)) and Fla. Stat. § 495.151, and have unfairly competed with South Motors and committed unfair and deceptive acts or practices under Florida law, including Fla. Stat. § 501.204;

5. Defendants, including their officers, employees, and agents, and all persons or entities in active concert or participation with any of them are hereby permanently enjoined and restrained from (i) using, displaying, advertising or selling their services under, or otherwise doing business or holding themselves out to the public as, "South Motors Financial," including all formative variations thereof, and any mark confusingly similar thereto, including, without limitation, the term "South Motors," all pursuant to 15 U.S.C. § 1116; and (ii) engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure South Motors' reputation, or weaken the distinctive quality of the South Motors Marks;

6. Defendants are ordered to destroy all advertising, marketing and other business materials, including stationary, letterhead, business cards, phone book listings, websites, signage, etc. bearing the Infringing Designation, and to provide to South Motors within 10 days a written and sworn certification of compliance;

7. Plaintiff does have and recover from Defendants South Motors Financial Corporation and Alex Lavini the sum of  $4,220.00

9

in attorney's fees and $420.00 in costs, for a total recovery of $4,640.00, for all of which let execution issue; and

8. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   18th    day of April, 2013.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record